IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD ARMSTEAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-02552-SHL-cgc |
| | ) | |
| WARDEN C. HARRISON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING § 2241 PETITION WITH PREJUDICE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner Richard Armstead.[1] (ECF No. 1.) Respondent Warden C. Harrison filed a Motion to Dismiss or, in the Alternative, for Summary Judgment

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"). (ECF No. 1 at PageID 2.) Petitioner is currently housed at Federal Correctional Institution in Thomson, Illinois ("FCI-Thomson"). *See* Federal Bureau of Prisons, Find an Inmate (Register No. 06241-028) (last accessed Jan. 21, 2026). Petitioner's transfer to FCI-Thomson does not deprive this Court of jurisdiction under § 2241's "immediate custodian" provision because at the time Petitioner filed his petition, he was confined within this district. *See* 28 U.S.C. §§ 2241(a); 2242; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (explaining that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

The Clerk is **DIRECTED** to modify the docket to update Petitioner's address and to send this order to:

Richard Armstead
Register No. 06241-028
FCI Thomson
P.O. Box 1002
Thomson, IL 61285

("Motion to Dismiss").  (ECF No. 10.)  Petitioner filed a response.  (ECF No. 11.)  Respondent filed a reply without seeking leave of court.[2]  (ECF No. 12.)  Petitioner filed a sur-reply without seeking leave of court.  (ECF No. 13.)  Petitioner also filed a self-styled "Addendum to Petition for Writ of Habeas Corpus," notifying the Court that he "continues . . . to be held in violation of his constitutionally mandated rights."  (ECF No. 14 at PageID 211.)

For the reasons that follow, Respondent's Motion to Dismiss is **GRANTED**, and the § 2241 Petition is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On February 3, 2012, Petitioner pleaded guilty and was convicted of conspiracy to possess with intent to distribute and distributing in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841, 846, and 851; and of conspiracy to possess with intent to distribute and distributing in excess of 50 grams of methamphetamine (actual), in violation of §§ 841, 846, and 851.  (ECF No. 10-1 at PageID 102.)  On May 29, 2012, he was sentenced to 240 months of imprisonment on each count, to be served concurrently.  (*Id*. at PageID 102-03.)

These offenses amounted to violations of Armstead's supervised release conditions from an earlier August 30, 2000 sentencing in Case No. 3:99-cr-00037.  Thus, on the same day that he received the 240-month sentence, Armstead was also sentenced for violating the terms of his supervised release conditions in Case Nos. 3:99-cr-00037 and 3:11-cr-00017.  (*Id*. at PageID 109, 112.)  For those cases, he was sentenced to 37-month and 24-month terms of imprisonment, respectively.  (*Id*. at PageID 110, 113.)  The district court ordered all three sentences to run concurrent to all other sentences.  (*Id*. at PageID 103, 110, 113.)

The Bureau of Prisons ("BOP") completed Armstead's offense review in 2024 to

---

[2] Pursuant to Local Rule 7.2(c), a reply may not be filed without a court order granting a motion for leave to reply.

2

determine his eligibility for early release under 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Treatment Program ("RDAP").[3] (*Id*. at PageID 73, 75.) The BOP determined that Petitioner was ineligible for early release under 28 C.F.R. § 550.55(b)(4) based on his 1996 conviction for Second-Degree Assault in Kentucky. (*Id*.) Under § 550.55(b)(4), inmates with a prior felony or misdemeanor conviction for certain violent crimes within the ten years prior to the date of sentencing for their current federal commitment are ineligible for early release under § 3621(e). Aggravated assault is a violent crime that precludes early release under the applicable provision.

The BOP aggregated Petitioner's sentences for administrative purposes as required by 18 U.S.C. § 3584(c), which meant that the significant date for determining whether Petitioner's prior violent felony was within the ten-year window was August 30, 2000—the date that the sentence in Case No. 3:99-cr-00037 was imposed, because it is that sentence that resulted in the 37-month revocation sentence. (ECF No. 10-1 at PageID 76, 86, 110.) In essence, because Petitioner's 1996 Second-Degree Assault conviction occurred within ten years of the imposition date of the original sentence in case number 3:99-cr-00037-001 that resulted in the supervised release violation, the BOP determined that Petitioner was precluded from receiving early release under § 3621(e). (*Id*. at PageID 76, 148-49.)

On May 29, 2025, Petitioner filed this § 2241 Petition. (ECF No. 1.) He contends that the BOP has wrongfully denied him a one-year sentence reduction under § 3621(e) for successfully completing the RDAP based on his prior precluding conviction. (ECF No. 1 at PageID 1.) He argues that "[t]he BOP's denial is based solely on an aggravated assault

---

[3] Under § 3621(e)(2)(B), the BOP has discretion to reduce an inmate's sentence by up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program.

3

conviction from 1996, a conviction that occurred more than fifteen years prior to [Petitioner's] current federal sentence imposed [in] 2012." (*Id*.) According to Petitioner, the BOP's reliance on his prior aggravated assault conviction "is in direct conflict with the BOP's own regulatory guidance, which generally prohibits the use of convictions older than ten years." (*Id*.)

On July 29, 2025, Respondent filed a Motion to Dismiss the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(6).[4] (ECF No. 10.) Respondent's motion is supported by the Declaration of Arthur Campbell, a BOP Paralegal Specialist with access to Petitioner's official records, including his SENTRY Report, which is also attached.[5] (ECF No. 10-1 at PageID 67-78, 153-74.)

Respondent argues that the Court should dismiss the § 2241 Petition based on Petitioner's failure to exhaust his administrative remedies with the BOP. (ECF No. 10 at PageID 46.) Alternatively, Respondent argues that the § 2241 Petition should be dismissed because the Court lacks subject matter jurisdiction over Petitioner's challenge to the BOP's discretionary denial of a sentence reduction under § 3621(e). (*Id*. at PageID 47.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering the motion,

---

[4] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

[5] According to Campbell's declaration, SENTRY is "a computer database that contains inmates' personal data, administrative remedy history, sentence computation, disciplinary history, housing assignments, and other pertinent information." (ECF No. 10-1 at PageID 68.)

courts accept all well-pleaded allegations as true and construe the record in the light most favorable to the non-moving party. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

Respondent argues that the Court should dismiss the § 2241 Petition based on Petitioner's failure to exhaust. (ECF No. 10 at PageID 58.) Although § 2241 does not contain an express statutory exhaustion requirement, federal inmates must generally exhaust all administrative remedies available before filing a § 2241 petition. *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) ("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted.").

The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office

(national) levels.⁶ *See* 28 C.F.R. § 542.10, *et seq.* "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." *Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) (internal quotation marks and citation omitted).

A prisoner's failure to exhaust available administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Nonetheless, "[t]he Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011) (internal quotation marks and citations omitted). A prisoner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

The declaration attached to Respondent's Motion to Dismiss states that Petitioner has submitted a total of 41 administrative remedy requests or appeals, 7 of which address his eligibility for RDAP credit. (ECF No. 10-1 at PageID 76.) Petitioner's administrative remedies were denied at the institutional and regional levels. (*Id.*) Petitioner attempted, but failed, to properly appeal his denials to the Office of General Counsel, which is the final level of

---

⁶ Under the BOP's tiered process, an inmate must first attempt to resolve his matter of concern informally with prison staff. 28 C.F.R. § 542.13(a). If informal resolution is not possible, the inmate may file a formal written Administrative Remedy Request with the facility's warden within 20 days of the incident forming the basis of the request. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's response, he may appeal to the regional director within 20 days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If the prisoner is not satisfied with the regional director's response, he may submit a final administrative appeal to the BOP's general counsel within 30 days of the regional director's signed response. *Id*.

administrative review. (*Id*.)

Specifically, on July 26, 2024, Petitioner submitted a request for administrative remedy to the Warden at FCI-Memphis. (*Id*.) The Warden denied the remedy on August 5, 2024, which closed the claim at the institutional level. (*Id*.)

Petitioner appealed the Warden's denial of RDAP credit to the Regional Director for the Mid-Atlantic Regional Office on August 16, 2024. (*Id*. at PageID 77.) He submitted a second appeal to the Regional Director on October 5, 2024. (*Id*.) The second appeal was rejected because Petitioner had already submitted an appeal at that level of the administrative process. (*Id*.) The Regional Director denied Petitioner's request for RDAP credit on November 5, 2024, closing the claim at the regional level. (*Id*.)

On October 10, 2024, Petitioner appealed the denial of RDAP credit to the Office of General Counsel. (*Id*.) His appeal was rejected because he failed to provide a copy of the Warden's denial of his administrative remedy. (*Id*.)

Petitioner resubmitted his appeal to the Office of General Counsel on November 14, 2024, but failed to submit a copy of the Warden's and the Regional Director's denials, and his appeal was rejected a second time. (*Id*.) On January 8, 2025, Petitioner resubmitted his appeal for RDAP credit to the Office of General Counsel. (*Id*.) This time, his appeal was rejected for failing to provide a copy of the Regional Director's denial and for "misuse of continuation pages." (*Id*.) Petitioner resubmitted his appeal a fourth time on February 19, 2025, but it was rejected because he again failed to provide a copy of the Regional Director's denial. (*Id*.)

Petitioner maintains that he has exhausted his administrative remedies and that Respondent's evidence to the contrary is "false." (ECF No. 11 at PageID 186.) He does not, however, provide any documents that refute Respondent's declaration or the attached administrative remedy history. For example, he claims that his appeal to the Office of General

7

Counsel was denied on August 1, 2024, but he does not provide evidence of the denial, and the documents he attaches to his § 2241 Petition do not correspond with Petitioner's claimed timeline for exhaustion.[7] (*See id.*; *see also* ECF No. 1-1 at PageID 10-11, 16, 18-25.)

Although Petitioner began the administrative remedy process, he did not fully exhaust the remedies available to him. The official BOP records attached to Respondent's Motion to Dismiss show that Petitioner's remedies seeking credit for RDAP participation were denied at the institutional and regional levels. (ECF No. 10-1 at PageID 76-77, 170-71.) Although Petitioner attempted to appeal his denials to the final level of the administrative remedy process, his appeals to the Office of General Counsel were rejected for failing to include copies of his denials at the previous levels. (*See id.* at PageID 77, 172-74.) *See also* 28 C.F.R. § 542.15(b)(1) (requiring that "[a]ppeals to the General Counsel shall be submitted on the form designated for Central Office Appeals (BP-11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses").

Petitioner argues for the first time in his sur-reply that exhaustion would be futile in his case because "the BOP has already taken a definitive position through Program Statement 5331.02 and its application to Petitioner" that he is not eligible for a sentence reduction under § 3621(e) based on his prior precluding conviction for aggravated assault.[8] (ECF No. 13 at

---

[7] Petitioner attaches an appeal to the Office of General Counsel that is dated August 1, 2024, but that appeal related to a separate administrative remedy challenging the denial of earned time credits under the First Step Act based on Petitioner's disqualifying conviction for possession of contraband in prison. (ECF No. 1-1 at PageID 18.) Petitioner's appeal was denied on August 14, 2024. (*Id.* at PageID 19.)

[8] BOP Program Statement 5331.02 outlines the procedures the BOP must follow in implementing the early release program under § 3621(e). (*See* ECF No. 10-1 at PageID 117-29.) Those procedures include the BOP's consideration of whether any of the inmate's prior offenses of conviction preclude early release. (*Id.* at PageID 71-72.)

8

PageID 203.) Petitioner filed his sur-reply without seeking leave of Court.

Generally speaking, sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (internal quotation marks and citation omitted). And Petitioner did not raise futility in his response to the Motion to Dismiss; he argued that he had exhausted his administrative remedies and raised futility for the first time in the sur-reply. (*See* ECF No. 11 at PageID 186-87.) Nevertheless, so that the matter may be fully briefed, the Court considers Petitioner's sur-reply, just as it considers Respondent's reply filed without leave of Court.

Ultimately, however, the Court need not reach Petitioner's futility argument because, whether or not he has exhausted his administrative remedies, "the BOP was within its authority to consider [Petitioner's] revocation sentence as part of his original sentence." *Stubbs v. Stewart*, No. 18-2023, 2018 WL 6324841, at *3 (D. Md. Dec. 4, 2018). "Indeed, Courts have, in varying contexts, uniformly determined that a sentence for a supervised release violation 'relates back' to the underlying offense for which the defendant was first convicted." *Id.* (citing *United States v. Barrett*, 691 F. App'x 722, 723 (4th Cir. 2017)). Because the BOP correctly aggregated Petitioner's sentences under 18 U.S.C. § 3584(c), triggering the 2000 conviction as the proper measure of his current commitment for purposes of the ten-year window, his 1996 conviction was "within the ten years prior to the date of sentencing for [his] current commitment," 28 C.F.R. § 550.55(b)(4)(iv), and he is thus precluded from receiving early release under 18 U.S.C. § 3621(e).

Because the BOP appropriately exercised its discretion in denying Petitioner's early release, Respondent's motion is **GRANTED**, and the § 2241 Petition is **DISMISSED WITH**

9

PREJUDICE.[9]

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because Petitioner's argument for early release lacks merit, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.

---

[9] Because the Court has determined that dismissal is appropriate, the Court need not address Respondent's alternative argument that the § 2241 Petition should be dismissed because the Court lacks subject matter jurisdiction over Petitioner's challenge to the BOP's discretionary denial of a sentence reduction under § 3621(e). (ECF No. 10 at PageID 47.)

**IT IS SO ORDERED** this 27th day of January, 2026.

                                          s/ Sheryl H. Lipman
                                          SHERYL H. LIPMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE